JAMES H. HURST, Appellant, v. J. HARRY RANDALL *et al.*, Respondents.

St. Louis Court of Appeals, January 19, 1897.

1. **Bond of Indemnity, Construction of:** EVIDENCE: COMPUTATION OF DAMAGES FOR BREACH. In a suit by the assignee against the principal and sureties on a bond of indemnity, conditioned to indemnify the obligee in the bond against "any claim on account of mechanics' liens," etc., that might be filed against certain buildings belonging to the principal in the bond, where the undisputed evidence was that certain materials furnished on the buildings were not provided for in the building contracts, and were not necessary to the completion of the buildings,—*Held:* That the liens for such materials were not within the provisions of the bond in suit, and it was not error to exclude them in the computation of damages for its breach.

2. ———: RETENTION BY LENDER OF PORTION OF LOAN COVERED BY BOND: EVIDENCE. Where it appeared from plaintiff's own evidence, in such action, that the lender, without any authority of the borrowers, retained more than sufficient of the amount loaned to satisfy the liens against the property covered by the bond in question, to meet an interest note on the principal sum, plaintiff was not entitled to a recovery, whatever rights he or his assignor might have in another action against the parties whose notes were given for the principal loaned and interest thereon.

*Appeal from the St. Louis City Circuit Court.*—Hon. Jacob Klein, Judge.

Affirmed; Judge Biggs concurring, Judge Bland not sitting.

*R. M. Nichols* for appellant.

The matter, apparently restricting the obligation to liens for work, fixtures, and materials done and furnished, is mere recital. The covenant of indemnity following this recital is clear in its terms, and unlimited; and when clear and positive in its terms, it is never restricted by recital. Elph. Inter., rule 36, pp. 129, 130; *In re Baker*, 51 Law Jour. (Ch. Div.) 315; Chitty on Con. [12 Ed.] 139; 2 Whar. on Con., p. 41, par. 667; *Samson v. Bell*, 2 Camp. 39; *Miller v. Wagenhauser*.

As between the obligors and the obligee everything necessary for the completion of the flats as living apartments should be held to have been intended under the term "fixtures" in the bond. *Cohen v. Kyler*, 27 Mo. 124; *Rogers v. Crow*, 40 *Id.* 91.

Under the evidence Kahle was not bound to pay out the money realized from the $45,000 in notes to the principal obligors in any particular manner. He had a right to apply the fund to a debt for which the bondsmen were not surety. *Mathews v. Switzler*, 46 Mo. 301; *Harding v. Tifft*, 75 N. Y. 461; *Hansen v. Rounsavell*, 74 Ill. 238.

*Clopton & Trembly* for respondents J. Harry, and John H., Randall.

*Ben. Schnurmacher* for respondent J. M. Sellers.

*John W. Benstein* for respondents Ward & King.

*Fred. Wislizenus* for respondents J. C. Lullman's executors.

BOND, J.—This action is against the principals and their sureties on a bond dated November 5, 1892, in the penal sum of $60,000, and conditioned to indemnify one C. A. Ghio against "any claim on account of mechanics' liens" against certain buildings belonging to the principals in said bond. The said Ghio agreed in consideration of said bond to lend $45,000 toward the construction of said buildings, which sum was to be further secured by a deed of trust on them and the lots on which they were situated. The breach of the bond alleged was the failure of defendants to pay five judgments establishing mechanics' liens upon the property and the nonpayment of counsel fees incurred in defense of said proceedings. The plaintiff sues as assignee, through one Kahle, the obligee in the bond, for the sums expended in discharging said mechanics' liens and attorneys' fees. The principals in the bond filed general denials. The sureties set up a joint defense to the effect that the bond was given without consideration, and further that it was agreed when the bond was given that it should cover no mechanics' liens which accrued for work or labor done or furnished after its execution. The cause was submitted to the court without a jury. Plaintiff gave evidence tending to show that his assignor paid $1,833 in satisfaction of five judgments for mechanics' liens on the property and attorneys' fees incurred in connection with said lien proceedings; that each of the lien accounts upon which

the judgments were rendered accrued after the giving of the bond in suit; that the sum of $45,000 to secure which the bond was given, was evidenced by the notes of the principals in the bond for that amount and certain interest notes thereon; that $30,000 of this was paid on the recording of papers, and the remaining $15,000 was to be paid on the completion of the buildings; that the buildings were in the course of construction when the bond was given under plans and specifications then agreed upon; that the gas fixtures and wall papering, upon which two of the mechanics' liens rested, were not necessary to the completion of the buildings, and were not provided for in the contracts existing at the time the bond was given. Plaintiff further showed that all of the $45,000 had been paid in cash or in extinguishment of mechanics' liens, except $1,575, retained by the lender to satisfy an interest note on the loan, which matured May 4, 1893. Upon this evidence the court announced it would find for defendants on the theory that three of the lien judgments amounting to $600 were within the indemnity afforded by the bond, and that two of them, rendered for gas fixtures and wall papering, were not secured by the bond, and that as it was admitted that $1,575 of the principal sum agreed to be loaned when the bond was given had not been paid to the borrowers or in extinguishment of liens, and that this amount exceeded the aggregate of the three lien judgments covered by the bond, there could be no recovery. Plaintiff took a nonsuit with leave and upon the refusal of the court to set the same aside, appealed to this court.

The trial court disposed of this case upon correct rules. The obligation of the bond is expressed in the following terms:

"Now, therefore, if the said above bounded J. Harry Randall and John H. Randall shall pay, extin-

guish, satisfy, and release any and all mechanics' liens that may be filed in the office of the clerk of the circuit court of the city of St. Louis against the above described buildings and improvements as soon as the same are filed of record; and if any claim or lien shall be filed upon which a suit shall be instituted in any court or before any justice of the peace against the said buildings or improvements and the lot upon which the same are situated, and the above bounden shall pay all costs and attorneys' fees incurred by the said Ghio, his indorsees or assigns, and shall also pay and satisfy any judgments rendered on said claims within ten days from date of any such judgment and shall indemnify and save harmless the said C. A. Ghio, his indorsees and assigns, from any and all loss or damage growing out of any such lien or suit, and all costs and attorney's fees incurred by reason of any such suits or claims, then this obligation to be void, otherwise to remain in full force and effect.

(Signed and sealed)    "J. HARRY RANDALL.
"JOHN H. RANDALL.
"JOHN M. SELLERS.
"JNO. C. LULLMAN.
"JAMES A. STIDGER.
"GEORGE SAUERBRAUM.
"CHAS. H. GLEASON.
"WARD & KING.
"JACOB KUSSMANN."

This language means that the indemnity given by the bond extended to all mechanics' liens which might

BOND of indemnity, construction of: evidence: computation of damages for breach.

be incurred in the completion of the buildings, according to the specifications, agreed upon for their construction at the time of the giving of the bond. The bond was executed in furtherance of the contracts for construction existing when it was made, and its indemnity is

coextensive with the work necessary to complete the buildings. The undisputed evidence shows that the gas fixtures and wall papering were not provided for in the building contracts and were not necessary to complete the buildings. The liens for these materials were therefore not within the provisions of the bond in suit, and the court did not err in excluding them from the computation of damages suffered by its breach.

Neither was there any error in the finding of the court that all of the $45,000 contracted for must have been furnished before the obligation of the bond attached. Plaintiff's own evidence shows that the lender, without any authority from the borrowers, retained $1,575 of this sum to meet an interest note on the principal sum. It must be remembered that the bond sued on was given to secure the loan of the entire $45,000 and that it was conditioned to take effect after this sum was loaned. It follows that to the extent the money was not loaned, neither the lender nor his assignee has been injured. As the amount retained by the lender is more than enough to satisfy the liens against the property covered by the bond in suit, there can be no recovery in the present action, whatever rights plaintiff or his assignor might have in another proceeding against the parties whose notes were given for the principal sum loaned and the interest thereon. The judgment herein will be affirmed. Judge BIGGS concurs; Judge BLAND not sitting.

RETENTION by lender of portion of loan covered by bond: evidence.